IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

BYRON CRAIG HERD,

    Petitioner,

v.                                          Case No. 21-CV-019-JFH-CDL

CARRIE BRIDGES, Warden,[1]

    Respondent.

## OPINION AND ORDER

Before the Court is Petitioner Byron Craig Herd's ("Herd") Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 by a Person in State Custody ("Petition"). Dkt. No. 1. Herd, an Oklahoma prisoner appearing *pro se*,[2] seeks federal habeas relief from the judgment entered against him in the District Court of Tulsa County, Case No. CF-2017-1112. Having considered the Petition, Respondent Carrie Bridges' ("Bridges") Response in Opposition to Petition for Writ of Habeas Corpus ("Response") [Dkt. No. 10], and records from state court proceedings,[3] the Court

---

[1] Herd presently is incarcerated at the James Crabtree Correctional Center ("JCCC"), in Helena, Oklahoma. Dkt. No. 27. The Court therefore substitutes Carrie Bridges, the JCCC's warden, in place of Tommy Sharp as party respondent. Rule 2(a), *Rules Governing Section 2254 Cases in the United States District Courts*. The Clerk of Court shall note this substitution on the record.

[2] Because Herd appears *pro se*, the Court liberally construes his pleadings. *Hall v. Witteman*, 584 F.3d 859, 863 (10th Cir. 2009). The rule of liberal construction requires courts to read *pro se* pleadings with leniency. Courts do not, however, afford that same leniency to a *pro se* litigant's need to comply with procedural rules. *See id.* at 864 (noting that "this court has repeatedly insisted that pro se parties follow the same rules of procedure that govern other litigants" (quoting *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005)).

[3] With the Response, Bridges submitted copies of briefs, decisions, and other documents related to Herd's direct appeal and state postconviction proceedings. Dkt. Nos. 10-1 through 10-16. On review of these materials, the Petition, and the Response, the Court finds that no evidentiary hearing is warranted in this matter. Thus, to the extent Herd requests an evidentiary hearing, the Court DENIES that request.

finds and concludes that Herd procedurally defaulted all claims asserted in the Petition and has not shown that he can overcome the procedural default of those claims. The Court therefore DENIES the Petition and DISMISSES as moot all pending motions.

## BACKGROUND

A Tulsa County jury found Herd guilty of first-degree burglary after former conviction of two or more felonies and recommended he serve a life sentence. Dkt. No. 10-3 at 1. The trial court sentenced Herd accordingly. *Id.* Represented by counsel, Herd timely filed a direct appeal in the Oklahoma Court of Criminal Appeals ("OCCA"), raising two (2) issues. Dkt. No. 10-1 at 1-2. Herd claimed: (1) that prosecutorial misconduct deprived him of a fair trial and caused the jury to recommend an excessive sentence; and (2) that his life sentence is excessive and should be modified. *Id.* at 2; Dkt. No. 10-3 at 2. In an unpublished summary opinion filed September 19, 2019, the OCCA denied relief as to both claims. Dkt. No. 10-3 at 2-8.

Proceeding *pro se*, Herd filed an application for postconviction relief in the District Court of Tulsa County on December 6, 2019. Dkt. No. 10-4. In that application, Herd identified three (3) propositions of error. *Id.* at 2-3. Herd claimed: (1) "lesser included offense of burglary since the only element of burglary which was wanting is the offense of illegal entry was the breaking"; (2) "after formers are falsely: CRF-1993-00348"; and (3) "illegal arrest." *Id.*; Dkt. No. 10-6 at 2. In an order filed April 14, 2020, the state district court dismissed Herd's application. Dkt. 10-6 at 1. The state district court reasoned that Herd "waived all three of his propositions of error because he could have raised them on direct appeal, but did not." *Id.* at 2-3. Herd attempted to perfect a postconviction appeal in Case No. PC-2020-297, but the OCCA declined jurisdiction because Herd did not timely file a notice of appeal. Dkt. No. 10-8 at 1-2. Herd made repeated attempts to secure

leave to file a postconviction appeal out of time, but those attempts were not successful.[4]

Herd filed the instant Petition on June 25, 2020, in the United States District Court for the Eastern District of Oklahoma, and later filed a document titled as a "Motion Exhaustion Requirement" [Dkt. No. 6] that was construed as a supplement to the Petition. Herd subsequently filed a document titled as a "Summary Judgment Federal Courts New Evidence Requires Diligence" [Dkt. No. 9] that was construed as a motion for summary judgment. Bridges filed the Response on September 3, 2020. Dkt. No. 10 at 1.

On January 12, 2021, the United States District Court for the Eastern District of Oklahoma denied the motion for summary judgment and transferred the case to this Court. Dkt. No. 11; Dkt. No. 12; Dkt. No. 13. The Court liberally construes the Petition as raising the same three (3) claims Herd raised in the application for postconviction relief he filed in state district court on December 6, 2019.[5] Dkt. No. 1 at 3-10. Bridges primarily urges this Court to deny the Petition because Herd

---

[4] Herd filed several documents in state district court in June and July 2020 requesting leave to file an out-of-time postconviction appeal. Dkt. No. 10 at 2. Bridges noted that, as of the date the Response was filed, the state district court had not ruled on those requests. *Id.* at 2 n.1. The Court, however, takes judicial notice of publicly-available state-court records showing that the state district court denied those requests in an order filed March 29, 2021. *State v. Herd*, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=tulsa&number=CF-2017-1112&cmid=3026920, last visited Aug. 28, 2022. Herd perfected a postconviction appeal, and the OCCA affirmed the denial of relief on May 28, 2021. *Herd v. State*, https://www.oscn.net/dockets/GetCaseInformation.aspx?db=appellate&number=PC-2021-387&cmid=130166, last visited Aug. 28, 2022.

[5] Bridges construes the second and third claims, in part, as attempting to collaterally attack Herd's judgment in Carter County Case No. 1993-00348, and contends those claims should be dismissed for lack of jurisdiction as Herd has discharged his sentences under that judgment. Dkt. No. 10 at 8-12. The Court acknowledges that Herd's claims are unclear. However, his claims in the Petition appear to align with those in his application for postconviction relief. Dkt. No. 1; Dkt. No. 10-4. The Court thus finds it most reasonable to construe all claims as attempting to challenge the Tulsa County judgment for which Herd now is incarcerated—the only judgment he clearly identifies in the Petition as the "conviction under attack"—on the same grounds he presented in state district court. Dkt. No. 1 at 1.

procedurally defaulted his claims in state court and has not made the necessary showings to obtain federal habeas review of the procedurally defaulted claims. Dkt. No. 10.

## DISCUSSION

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") limits a federal court's authority to grant federal habeas relief to a prisoner in custody pursuant to a state-court judgment. Two (2) limits are relevant here. First, a federal court may not grant habeas relief unless the prisoner has either: (1) exhausted available state-court remedies, 28 U.S.C. § 2254(b)(1)(A); or (2) shown that there is a complete absence of available state remedies or an absence of effective state remedies, *id.* § 2254(b)(1)(B). To satisfy the exhaustion requirement, a prisoner must present his or her claims "to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kan. State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994).

Second, if the prisoner properly exhausted his or her claims, a federal court may not grant habeas relief if the state court denied relief "based on an adequate and independent procedural rule." *Davila v. Davis*, 137 S. Ct. 2058, 2064-65 (2017); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). A state procedural rule "is independent if it is separate and distinct from federal law" and "is adequate if it is 'strictly or regularly followed' and applied 'evenhandedly to all similar claims.'" *Duvall v. Reynolds*, 139 F.3d 768, 796-97 (10th Cir. 1998) (quoting *Hathorn v. Lovorn*, 457 U.S. 255, 263 (1982)). When a state court applies a state procedural rule to bar relief, the claims are considered procedurally defaulted for purposes of habeas review. Similarly, if the prisoner fails to exhaust his or her claims before filing a federal habeas petition, and "the relevant state courts 'would now find those claims procedurally barred, there is a procedural default for the purposes of federal habeas review.'" *Grant v. Royal*, 886 F.3d 874, 892 (10th Cir. 2018) (quoting

4

*Bland v. Sirmons*, 459 F.3d 999, 1012 (10th Cir. 2006)). In both situations, the federal court may not review a procedurally defaulted claim unless the prisoner "can 'demonstrate cause for the procedural default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Id.* (quoting *Coleman*, 501 U.S. at 750).

Applying these limits here, the Court finds that all three (3) claims in the Petition are procedurally defaulted for three (3) reasons. First, the state district court dismissed all three (3) claims as barred by Oklahoma's waiver rule, finding that Herd could have raised those claims on direct appeal but did not do so. Dkt. 10-6 at 2-3. As Bridges argues, the waiver rule is an independent and adequate state procedural rule and state courts consistently apply that rule to deny postconviction relief as to claims that could have been, but were not, raised on direct appeal. *See Smith v. Workman*, 550 F.3d 1258, 1274 (10th Cir. 2008) ("[T]his court has found Oklahoma's bar of claims not raised on direct appeal to be independent and adequate."). Second, after the state district court dismissed his application for postconviction relief, Herd tried to file a postconviction appeal, and the OCCA declined jurisdiction and dismissed the appeal because Herd did not timely file a notice of appeal, as required by Rule 5.2(C), *Rules of the Oklahoma Court of Criminal Appeals*, Title 22, Ch. 18, App. (2022). Dkt. No. 10-8 at 1-2. As Bridges contends, the OCCA's rule requiring a timely notice of postconviction appeal and regulating other procedures for perfecting a postconviction appeal is an independent and adequate procedural bar. *Johnson v. Champion*, 288 F.3d 1215, 1226 (10th Cir. 2002); *Duvall*, 139 F.3d at 797. Third, Herd sought, but never obtained, leave to file an out-of-time postconviction appeal. *See supra* n.4. Herd thus failed to exhaust available state remedies as to all claims raised in the Petition. And, given that the state district court and the OCCA have already applied two (2) procedural bars to decline

review of the claims raised in the Petition, this Court unquestionably has grounds to apply an anticipatory procedural bar based on Herd's failure to exhaust available state remedies as to those claims.

For these reasons, all claims in the Petition are procedurally defaulted. As previously discussed, to overcome the procedural default of his claims, Herd must show either: (1) cause and actual prejudice arising from the alleged violation of federal law; or (2) that a fundamental miscarriage of justice will occur absent federal review of his claims. *Grant*, 886 F.3d at 892. Even generously construed, Herd's only discernible attempt to make either showing is by alleging in the Petition that his appellate counsel should have raised all three (3) claims on direct appeal. Dkt. No. 1 at 5, 7-8.[6] In some cases, ineffective assistance of appellate counsel may establish cause to excuse a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 451 (2000). However, "ineffective assistance adequate to establish cause for the procedural default of some *other* constitutional claim is *itself* an independent constitutional claim." *Id.* (emphases in original). Thus, "*that* constitutional claim" too "must 'be presented to the state courts as an independent claim before it may be used to establish cause for a procedural default.'" *Id.* at 452 (emphasis in

---

[6] Bridges discussed in the Response the showings that must be made to overcome a procedural default. Dkt. No. 10 at 6-8. Bridges filed the Response on September 3, 2020. *Id.* at 1. Between September 10, 2021, and March 25, 2022, Herd filed multiple documents with various titles that this Court construed as a "supplement" [Dkt. No. 15]; "notices" [Dkt. Nos. 17, 19, 22, 23, 25, 26, 27, 28, 29, 30]; a "letter" [Dkt. No. 21]; and three motions: (1) a Motion for Certiorari/Mandamus [Dkt. No. 18]; (2) a Motion for New Trial [Dkt. No. 20]; and (3) a Motion for Summary Judgment [Dkt. No. 24]. Only one (1) of these documents, a Notice of Change of Address filed February 28, 2022 [Dkt. No. 27], is an appropriate filing in this case. The remaining documents do not inform the Court's analysis of Herd's habeas claim because they either: (1) appear to relate to Herd's ongoing efforts to obtain some form of relief in state court; or (2) rely on legal authority that has no readily-apparent nexus to the claims raised in the Petition and might only be relevant in a civil rights action under 42 U.S.C. § 1983. Even assuming one or more of these documents have some relevant argument about procedural default buried within them, none was filed in time for this Court to liberally construe it as a reply brief. The Court therefore has not considered any of these improper filings in adjudicating the Petition.

original) (quoting *Murray v. Carrier*, 477 U.S. 478, 489 (1986)).  Nothing in the case materials that are properly before this Court suggests Herd fairly presented an ineffective-assistance-of-appellate-counsel claim in state court as an independent federal claim.  Consequently, Herd fails to demonstrate that he can overcome the procedural default of all three claims raised in the Petition.

## CONCLUSION

The Court concludes that the Petition shall be DENIED because all claims asserted therein are procedurally defaulted and Herd has not shown that he can overcome the procedural default of those claims.  The Court further concludes that all pending motions shall be DISMISSED as moot.  Lastly, the Court concludes that because reasonable jurists would not disagree that a plain procedural bar exists and supports denial of the Petition, a certificate of appealability shall be DENIED.  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

THEREFORE, IT IS ORDERED that:

1. The Clerk of Court shall note on the record the substitution of Carrie Bridges, Warden, in place of Tommy Sharp, as party respondent.
2. To the extent Herd requests an evidentiary hearing, that request is DENIED.
3. The Petition [Dkt. No. 1] is DENIED.
4. All pending motions [Dkt. No. 18; Dkt. No. 20; Dkt. No. 24] are DISMISSED as moot.
5. A certificate of appealability is DENIED.
6. A separate judgment shall be entered in this matter.

Dated this 8th day of September 2022.

JOHN F. HEIL, III
UNITED STATES DISTRICT JUDGE